UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GENE L. MUSE, M.D., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-245-G |
| ) | |
| ALLIANZ LIFE INSURANCE ) | |
| COMPANY OF NORTH AMERICA, ) | |
| ) | |
|    Defendant. ) | |

### ORDER

Now before the Court is Plaintiff Gene L. Muse, M.D.'s Motion to Dismiss (Doc. No. 7), seeking to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant Allianz Life Insurance Company of North America responded in opposition (Doc. No. 13), and Plaintiff replied (Doc. No. 14).

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "Absent legal prejudice to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal quotation marks omitted). Nonexclusive factors for evaluation of legal prejudice include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* "Each factor need not be resolved in favor of the

moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.*

Having considered the parties' arguments and, in particular, the early stage of this litigation, the Court GRANTS Plaintiff's Motion to Dismiss (Doc. No. 7).[1] The action is therefore DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered.

Further, pursuant to Rule 41(a)(2), the Court DIRECTS the parties as follows:

1. Unless the parties agree or the Court orders otherwise, the parties shall preserve any materials exchanged by them or obtained from a third party in the course of discovery until such time as the limitations period for Plaintiff to file a claim against Defendant expires; and

2. The parties shall, to the extent possible, make all reasonable efforts to avoid duplicative discovery in any further proceeding between them, or any related person or entity, concerning the same subject matter.

IT IS SO ORDERED this 2nd day of April, 2025.

*(signature)*
CHARLES B. GOODWIN
United States District Judge

---

[1] Defendant's arguments applying the *Ohlander* factors to considerations relevant to a separate case, Case No. CIV-17-1361-G, are misplaced. The Court considers the application of the *Ohlander* factors to the present standalone action.